16-524-cr
U.S. v. Gil

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                              *Circuit Judges*.

UNITED STATES OF AMERICA,

                              *Appellee*,

            v.                                          No. 16-524-cr

KELVIN GIL, AKA Kalvin Gil,

                    *Defendant-Appellant*.

APPEARING FOR APPELLANT:     COLLEEN P. CASSIDY, Assistant Federal Public Defender, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

APPEARING FOR APPELLEE:      PATRICK EGAN, Assistant United States Attorney, Of Counsel, (Micah W.J. Smith, Assistant United States Attorney, Of Counsel, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 22, 2016, is AFFIRMED.

Defendant Kelvin Gil was convicted following a jury trial of being a felon-in-possession of either a firearm and/or ammunition, 18 U.S.C. § 922(g)(1), as evidenced by two armed robberies, during the latter of which Gil discharged a firearm. Sentenced to 84 months' imprisonment, Gil appeals his conviction on a single ground: the admission into evidence of an expert opinion on ballistics evidence. We review a district court's evidentiary rulings over objection for abuse of discretion, which we will identify only where the ruling was manifestly erroneous. *See United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015). In the context of expert testimony, our review centers on "both the district court's 'ultimate reliability determination' and its decision about '*how* to determine reliability.'" *In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (emphasis in original)). In applying these standards here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.[1]

---

[1] Gil's opening brief raises four arguments. In his reply brief and during oral argument, however, he appeared to state that he asserts only the third and fourth arguments we address herein. *See* Appellant's Reply Br. 2 n.2. Nevertheless, since it appears that he preserved the first two arguments in his opening brief, we will address all four.

Gil first argues that the district court abdicated its gatekeeping role, *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593–94 (1993), by relying on the number of times the government's expert had previously testified and the consistent admission of ballistics opinions in the courts of this circuit. The record belies the argument. The district court supported its admission decision with an explanation of how the proffered expert opinion derived from a ballistics technique governed by standardized principles and methods, which themselves had "been tested, subjected to peer review, and [are] widely accepted in the forensics field." App'x 71–72. Further, it highlighted surveys showing that the potential error rate for the ballistics technique relied on by the expert was *de minimis*. The unchallenged factual findings on which the district court based these conclusions were not manifestly erroneous. In these circumstances, the district court did not abuse its discretion in also noting the consistent admission of ballistics expert opinions generally and the witness's opinion in particular. *See United States v. Williams*, 506 F.3d 151, 161–62 (2d Cir. 2007) (ruling *Daubert* gatekeeping function satisfied when district court considered "use of ballistic expert testimony in other cases," "government provided an exhaustive foundation for [witness's] expertise," and district court engaged in "extensive consideration of the expert's credentials and methods").

Second, Gil complains that the district court failed to give due regard to two National Academy of Science reports—from 2008 and 2009, respectively—that criticized ballistics examination as reliant on subjective determinations rather than objective methods. The reports reached this conclusion by comparison to DNA evidence, but acknowledged that ballistics examination need not be "as objective as DNA analysis in

3

order to provide value." S.A. 49. Where, as here, the district court noted the false positive rate for ballistics examination was in the range of 1%, the cited studies did not preclude admission of the expert opinion. That conclusion is only reinforced by the district court's assessment of the expert's professional training and experience. *See United States v. Romano*, 794 F.3d 317, 333 (2d Cir. 2015) (identifying no abuse of discretion in admission of expert testimony derived from methods "not entirely replicable" because they were "based in part on [the expert's] personal experience"). Precisely because "there are many different kinds of experts, and many different kinds of expertise," "the relevant reliability concerns may focus upon personal knowledge or experience." *Kumho Tire Co. v. Carmichael*, 526 U.S. at 150; *see United States v. Litvak*, 808 F.3d 160, 180 n.25 (2d Cir. 2015) (observing that "expert testimony does not have to rest on traditional scientific methods" (internal quotation marks omitted)). As the district court correctly explained, arguments about the subjectivity inherent in otherwise reliable methodologies go "to the weight of the evidence, not to its admissibility," and were "matters for cross-examination and argument to the jury." *United States v. Romano*, 794 F.3d at 333.

Gil's third challenge is to the district court's failure to conduct a *Daubert* hearing at which the expert would testify. The argument is defeated by *United States v. Williams*, wherein this court stated that "[w]hile the gatekeeping function requires the district court to ascertain the reliability of [an expert's] methodology, it does not necessarily require that a separate hearing be held in order to do so. . . . This is particularly true if, at the time the expert testimony is presented to the jury, a sufficient basis for allowing the testimony

4

is on the record." 506 F.3d at 161. Such a basis is evident here from the parties' written submissions to the district court and the transcript of arguments on two days.

Finally, there is no manifest error in the district court's decision to allow the government's expert to testify that he reached his conclusions "to a reasonable degree of certainty in the field of ballistics." App'x 92. The district court did so to communicate to the jury that ballistics is a "subjective inquiry," which could not fairly be referred to as "scientific" or statistically certain. App'x 73–74. We have approved the "reasonable degree of certainty" formulation—which Gil's initial motion *in limine* submission cited as appropriate—in the context of expert testimony in other fields involving a degree of subjectivity. *See, e.g.*, *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1042 (2d Cir. 1995) (approving expert testimony offered with "reasonable medical certainty").

In sum, Gil's challenges to the admission of ballistics expert opinion are meritless. We, therefore, need not consider the government's alternative argument that any error in this regard is harmless.

We have considered Gil's remaining arguments and conclude that they are without merit. For the reasons stated, the district court's February 22, 2016 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5